875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Calvin BUCHANAN, Plaintiff-Appellant,
v.
John T. WIGGINTON, Secretary Corrections Cabinet, Steve
Berry, Branch Classification Manager, Defendants-Appellees.
 No. 88-6385.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1989.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Calvin Buchanan moves to remand this case and appeals from the district court's judgment dismissing his 42 U.S.C. Sec. 1983 prisoner civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Buchanan claimed that he was transferred to a maximum security institution in retaliation for aiding fellow inmates with their legal claims. The defendants are the Secretary of the Corrections Cabinet and the Branch Classification Manager at Frankfort, Kentucky. Upon review of the magistrate's report and recommendation and Buchanan's objections, the district court dismissed the complaint as frivolous.
 
 
 3
 Buchanan raises the same argument on appeal.
 
 
 4
 Upon consideration, we remand for further consideration of Buchanan's claim of retaliatory transfer. Although Buchanan alleged that his constitutional rights were violated by his transfer from Northpoint Training Center to the Kentucky State Penitentiary, inmates have no constitutional right to be incarcerated in any particular state institution and may be transferred at the discretion of state officials unless the state has created a liberty interest in remaining in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 245-51 (1983); Meachum v. Fano, 427 U.S. 215 (1976). Kentucky has not created such a liberty interest; transfer of prisoners is within the discretion of the corrections cabinet. See 1985 Ky.Rev.Stat. & R.Serv. Sec. 197.065 (Baldwin). However, to the extent that Buchanan claimed that his transfer to the Kentucky State Penitentiary was punitive and in retaliation for helping inmates file their legal claims, he has raised a question sufficient to avoid a dismissal as frivolous. The defendants should be required to file an answer. We express no judgment as to the merits of this claim.
 
 
 5
 The motion to remand is hereby granted and this matter is returned to the district court for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.